By the Court—Hoffman J.
The action is brought upon a note dated the 12th of February, 1857, for $6,000 drawn by *413 Seymour, Moore & Co., in favor of James Moore or order, payable on the 20th of June ensuing, without grace, with interest at the rate of seven per cent.
The payee, James Moore, and one P. 0. Ward, and the defendants by their firm name of Simeon Leland & Co., indorsed the note, and it was delivered to John Thompson, by whom it was assigned and delivered to the plaintiff.
The chief question is, as to the sufficiency of the demand for payment upon the makers.
The note is dated at New York. The Notary deposes, that the note was given to him for protest by Thompson. “ He (Thompson) told me their office (the makers’,) was at 110- Broadway. I called at the place designated, and found ‘Seymour, Morion & Co.,1 over the door, and presented the note; payment was demanded and refused. I was informed there that I might find their agent at 54 William street, and I presented to him, the man in William street.”
It was also proved (by John Thompson) that Seymour, Moore & Co. had dissolved before the note matured. The last the witness knew of Seymour, Moore & Co., they were at 110 Broadway. The Notary further testified thus: “ I inquired at No. 110 Broadway over the Metropolitan Bank, for Seymour Moore & Co. The person in attendance there told me that that had been their office; he said I might find somebody who knew more about it at 54 William street; he gave me the name of a man, a Mr. Lincoln, at 54 William street, that he said sometimes acted as their Agent. I understood from the man at 110 Broadway, that they (Seymour, Morton & Co.) were the successors of Seymour, Moore & Co. The defendants excepted to the evidence as to what was said in answer to the inquiries made by the Notary at 110 Broadway. The Notary further testified, that the man at 110 Broadway declined paying the note, saying he had no money. The Notary also inquired at the office adjoining 110 Broadway and was there told that Seymour, Moore & Co. had dissolved.
Demand of payment was then made of Lincoln, at 54 William •street. He refused payment. He was asked by the Notary if he ’knew where the makers were. He answered that he supposed they were out West. '“He professed to know a little about it, but refused to tell me .(the Notary) much about it. He told .me *414 .ihe:old firm was dissolved.” The statements of Lincoln were objected to, the objection was overruled, and the defendants excepted.
The Notary went to the last place of business of the drawers. He is sent to another place, where he is told some information •might be obtained. He would not have done his duty if he had not gone there. He is there told that the drawers were supposed to be out West. The statements thus admitted in evidence were admissible, not as proof of the facts stated, but upon the question ■of the Notary’s diligence, to show that he-availed himself of information as to where the parties might be found.- I think that- there was sufficient diligence used in ascertaining the place where the demand-should be-made, and such demand-was sufficient. (Taylor v. Snyder, 3 Denio, 152; Edwards on Bills; &c., p. 484; 9 Wheat. R., 598.) There was enough to put the defendants upon proof of the makers being where they could be reached.
The exceptions to the ruling of the learned Judge in admitting the statements of the persons at 110 Broadway, and 54 William street, are disposed of by the above1 remarks.
- The judgment should be affirmed, with costs.
Judgment affirmed.